**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| KEIALA NIX, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-01362-O-BP |
| | § | |
| TANNER MARTIN, | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Emergency Motion to Stay and Appendix in Support that Defendant Tanner Martin filed on April 14, 2026 (ECF Nos. 14-15) and the response that *pro se* Plaintiff Keiala Nix filed that same day (ECF No. 17). After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States Judge Reed O'Connor **GRANT** Martin's Motion and **STAY** this case.

On March 2, 2026, Nix filed her Second Amended Complaint, in which she asserted a claim for civil rights violations against Martin, a Tarrant County Crimes Against Children Unit detective. ECF No. 10. Nix contends that Martin forged Nix's signature on an authorization to release medical records belonging to a deceased child. *Id.* These records were allegedly then used to support Nix's arrest and later her indictment. *See id.*

Martin now moves to stay the case, explaining that a grand jury has indicted Nix on crimes against children, and arguing that the Court should stay Nix's civil rights case premised on the allegedly unconstitutionally gathered evidence that supported the indictment until her state criminal proceeding has concluded. ECF No. 14 at 2 (citing *Wallace v. Kato*, 549 U.S. 384, 393-94); ECF No. 15 at 3 (state court docket). Nix argues that a stay in such circumstances is not

automatically required, and in this case is not warranted. ECF No. 17.

A plaintiff may not bring a § 1983 action "challenging the validity of [an] outstanding criminal judgment[]" unless the plaintiff first proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). However, "*Heck* does not extend to cases where a plaintiff files a civil rights action challenging [her] arrest before any conviction." *Blakely v. Andrade*, 360 F. Supp. 3d 453, 473-74 (N.D. Tex. 2019) (*citing Wallace v. Kato*, 549 U.S. 384, 393-94 (2007)); *see also DeLeon v. City of Corpus Christi,* 488 F.3d 649, 655 (5th Cir. 2007) (confirming that *Wallace* did not extend *Heck's* application to pending criminal matters). Prior to a conviction "it is simply premature to determine whether or not [Plaintiff's] claims are barred under *Heck*." *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). Thus,

> it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or likelihood of a criminal case is ended. . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Wallace*, 549 U.S. at 393-94.

Courts in the Fifth Circuit generally stay a case "[w]hen a plaintiff files suit under 42 U.S.C. § 1983 based on claims that are 'related to rulings that will likely be made in a pending . . . criminal trial[]" until the criminal case has ended." *E.g.*, *Jones v. Madhwani*, No. 4:25-cv-648-P, 2026 WL 815694, at *1 (N.D. Tex. Feb. 18, 2026), *rec. accepted sub nom.*, 2026 WL 813904 (N.D. Tex. Mar. 24, 2026); *see also Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (per curiam).

A stay is appropriate here because Nix's claims against Martin for unconstitutionally gathering evidence concern "rulings that will likely be made" in her pending criminal trial. If she

ultimately is convicted in that case, *Heck* would bar her claims arising from her arrest. *Blakely*, 360 F.Supp.3d at 474 (quoting *Wallace*, 549 U.S. at 393-94)); *see Whatley v. Coffin*, 496 F. App'x 414, 416 (5th Cir. 2012) (finding that *Heck* barred claims against the city, chief of police, and police officers for excessive force where they would imply the invalidity of a conviction for assault of a public servant). Thus, at this point, "it is simply premature to determine whether" *Heck* bars Nix's claims regarding her arrest, and the appropriate action is to stay such proceedings, "until [Nix's] related pending criminal case[s] [are] resolved." *Blakely*, 369 F. Supp. 3d at 475.

Accordingly, the undersigned **RECOMMENDS** that Chief Judge O'Connor **GRANT** Martin's Motion (ECF No. 14) and **STAY** this case pending resolution of the criminal case against Nix.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** on April 15, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE